LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELOIZA PEREZ
and JOHN DOE,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

          Plaintiffs,

      v.

FERASS DELI CORP.,
EBRAHIM ALGHURAZY
and MOISES [LAST NAME UNKNOWN],

          Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, ELOIZA PEREZ and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, FERASS DELI CORP., EBRAHIM ALGHURAZY and MOISES [LAST NAME UNKNOWN] (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ELOIZA PEREZ, is a resident of New York County, New York.

6. Upon information and belief, Defendant, FERASS DELI CORP., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process located at 831 6th Avenue, New York, NY 10001.

7. Upon information and belief, Defendant, EBRAHIM ALGHURAZY, is the Chairman or Chief Executive Officer of Defendant, FERASS DELI CORP.,  EBRAHIM ALGHURAZY exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised

his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiffs were hired, and their employment was terminated, directly by EBRAHIM ALGHURAZY.

8.   Upon information and belief, Defendant, MOISES [LAST NAME UNKNOWN], is the Chairman or Chief Executive Officer of Defendant, FERASS DELI CORP., MOISES [LAST NAME UNKNOWN] exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9.   At all relevant times, each of Defendants, FERASS DELI CORP., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them overtime premium at the rate of one and one half times the regular rate for work in excess

of forty (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same

as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in

collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

action, their names and addresses are readily available from the Defendants. Notice can be

provided to the FLSA Collective Plaintiffs via first class mail to the last address known to

Defendants.

## STATEMENT OF FACTS

15. In or around November 2014 Plaintiff, ELOIZA PEREZ, was hired by Defendants

and/or their predecessors, as applicable, to work as a cashier for Defendants' Deli located at 831

6th Avenue, New York, NY 10001.

16. ELOIZA PEREZ worked for Defendants until on or about February 2017.

17. During the employment of Plaintiff, ELOIZA PEREZ, by Defendants, she worked

over forty (40) hours per week. During ELOIZA PEREZ's employment by Defendants, she

worked over ten (10) hours per day.

18. Specifically, Plaintiff, ELOIZA PEREZ worked the following schedule: from

November 2014 until August 2016 she worked 6 days a week. She worked from 7:00 a.m. until

6:45 p.m. From September 2016 until the end of her employment ELOIZA PEREZ worked five

days from 6:00 a.m. to 2:00 p.m. and she worked one day from 6:00 a.m. to 6;45 p.m., for a total

of six days per week. From November 2014 until August 2016 Plaintiff, ELOIZA PEREZ

received her compensation on a fixed salary basis, at a rate of $650 per week. From September

2016 until the end of her employment Plaintiff, ELOIZA PEREZ received her compensation on a fixed salary basis, at a rate of $520 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover her overtime compensation. Defendants willfully violated ELOIZA PEREZ's rights by paying her on a fixed salary basis, in violation of the New York Labor Law because ELOIZA PEREZ is a non-exempt employee who must be paid on an hourly basis.

19. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

20. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

21. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

23. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiffs reallege and reaver Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

26. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

27. Upon information and belief, at all relevant times, each of Defendants, FERASS DELI CORP., had gross revenues in excess of $500,000.

28. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

29. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

30. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective

Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

31. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

32. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

33. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

34. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

35. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

36. Plaintiffs reallege and reaver Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

38. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

39. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

40. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

41. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

42. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

43. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.      An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.      An award of unpaid "spread of hours" premium due under the New York Labor Law;

e.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

g.      An award of statutory penalties, and prejudgment and postjudgment interest;

h.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 6, 2017

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: _____ */s/ C.K. Lee* _____
       C.K. Lee, Esq. (CL 4086)